·552 PEOPLE ex rel. DEL MAR v. ST. LOUIS, ETC., RY. CO.

First Department, May Term, 1887.

\* THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER DEL MAR v. THE ST. LOUIS AND SAN FRANCISCO RAILWAY COMPANY.

*Foreign corporation — proceedings to compel it to permit an examination of its transfer books — a reference to take proofs may be ordered.*

Upon the hearing of a motion for a writ of peremtory *mandamus* compelling the transfer agents of a foreign corporation to allow the relators, stockholders of the company, to inspect the transfer books and list of stockholders of said company, the court may, when desiring fuller information before proceeding, order a reference to take proof of the facts and circumstances alleged in the affidavits presented by the respondents, and direct that the persons making the same appear before the referee for examination.

Appeal from an order made at Special Term, upon the return of an order requiring the St. Louis and San Francisco Railway Company, and other persons, to show cause why a peremptory writ of *mandamus* should not issue against said corporation and persons, directing them to allow the relator to inspect the transfer books, and list of stockholders of said company.

The order directed that it be referred to a referee to take proof of the facts and circumstances alleged in the affidavits used upon behalf of respondents, and requiring the persons making them to appear before the referee for that purpose and be examined.

*John E. Burrill,* for the respondent.

*John R. Dos Passos,* for the relators.

Per Curiam:

The transfer agent of any corporation existing beyond the jurisdiction of this State is required at all reasonable times during the usual business hours to exhibit to any stockholder when required the transfer book of such corporation and also a list of the stockholders thereof, if in his power to do so.

It does not appear herein that the transfer agent of the corporation proceeded against has not the power to exhibit the book and list mentioned.

In a proceeding of this character which is expressly provided for by the Code, § 2070, we have no doubt of the right of the court without regard to the provisions of the Code to order a reference to take proofs on matters upon which is desired fuller information before proceeding. (See *Dwight* v. *St John*, 25, N. Y., 205.)

This citation is made only because it recognizes a power which has never been challenged in any case to which our attention has been called herein or heretofore.

The object of the reference was to make more certain and reliable the unsatisfactory denials contained in the answering affidavits, and thus to secure such information as would enable the court better to understand and dispose of the motion.

It may be that upon the coming in of the referee's report of the evidence taken before him that there will be no dispute as to any material question of fact, in which case the learned judge presiding might consider himself bound to grant the writ, or to deny it if any material fact was put in issue.

Motion for stay denied with ten dollars costs to abide event of motion.

Present—Van Brunt, P. J., and Brady, J.

So ordered.